# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RIO VISTA VENTURES, LLC, a California limited liability company doing business as GIUMARRA OF NOGALES, | § § § § Civil Action No. 5:21-cv-563 § |
| Plaintiff, | § § |
| vs. | § § |
| DAVID LOPEZ, an individual doing business as TEXAS BEST PRODUCE, | § § § § |
| Defendant. | § |

## CIVIL ACTION COMPLAINT

Plaintiff, Rio Vista Ventures, LLC, doing business as Giumarra of Nogales, commences this lawsuit to seek damages under Texas law and to enforce its rights and remedies under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendant, David Lopez.

## PARTIES

1. Plaintiff is Rio Vista Ventures, LLC, a California limited liability company doing business as Giumarra of Nogales ("Rio Vista"). Rio Vista's principal place of business is located in Escondido, California.

2. Defendant is David Lopez ("Lopez"), an individual doing business as Texas Best Produce. Lopez resides in this district.

## JURISDICTION

3. In accordance with 28 U.S.C. §1331, this Court has jurisdiction because Rio Vista's claims arise under PACA, 7 U.S.C. §499e(b)(2), 7 U.S.C. §499e(c)(5), and 7 U.S.C. §499g.

4. In accordance with 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Rio Vista's other claims.

## VENUE

5. Under 28 U.S.C. §1391(b), venue is proper, because a substantial part of the events and omissions underlying this lawsuit occurred in this district, Lopez had an operation in this district during the transactions at issue, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Between November 21, 2018, and November 27, 20218, Rio Vista and Lopez entered into six contracts for Rio Vista to ship seedless watermelons in interstate commerce and sell them to Lopez for $47,880.00 (the "Watermelons").

7. Lopez received and accepted the Watermelons.

8. Rio Vista issued and sent invoices to Lopez reflecting the amounts owed by Lopez.

9. Rio Vista's invoices included terms and conditions for payment of pre-judgment interest accruing at 1.5% per month on past due balances and attorneys' fees and costs if collection action becomes necessary.

10. Lopez received Rio Vista's invoices; yet, he never contested the invoice amounts or their terms and conditions.

11. Lopez failed to pay for the Watermelons, despite Rio Vista's repeated demands for payment.

12. Rio Vista has retained the Meuers Law Firm, P.L. and Rames Law Firm, P.C. to represent it in this matter, and has agreed to pay each firm a reasonable fee for its services.

## CLAIMS FOR RELIEF

## COUNT I:  BREACH OF CONTRACT

13. Rio Vista re-alleges ¶¶1 through 12.

14. As detailed in ¶6, Rio Vista and Lopez entered into contracts for Rio Vista to ship and sell the Watermelons to Lopez in interstate commerce and for Lopez to pay Rio Vista $47,880.00 for the Watermelons.

15. Rio Vista issued invoices to Lopez for the Watermelons.

16. Lopez breached those contracts by failing to pay for the Watermelons.

17. Because Lopez breached the parties' contracts, Rio Vista has incurred damages in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

18. Rio Vista fully performed all conditions precedent to the agreed contracts.

For these reasons, Rio Vista seeks a judgment in its favor and against Lopez in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**COUNT II:  DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM**
*7 U. S.C. §499e(c)*

19.     Rio Vista re-alleges ¶¶1 through 12.

20.     As detailed in ¶6, Rio Vista and Lopez entered into contracts for Rio Vista to ship and sell the Watermelons to Lopez in interstate commerce and for Lopez to pay Rio Vista $47,880.00 for the Watermelons.

21.     A watermelon is a perishable agricultural commodity, or produce, as defined by PACA.

22.     During the transactions, Lopez was engaged in the business of buying and selling produce as a dealer, and held a valid PACA license, number 2013273, issued by the Lopez States Department of Agriculture (USDA).

23.     After receiving and accepting the Watermelons, Lopez became a PACA trustee, 7 U.S.C. §499e(c).

24.     Assets subject to the PACA trust include Lopez's produce inventory (including the Watermelons), food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

25. During the transactions, Rio Vista held a valid PACA license issued by the United States Department of Agriculture, number 20200604.

26. By holding a valid PACA license, Rio Vista used its invoices to preserve its rights as a PACA trust beneficiary of Lopez by including the required statutory statement on each invoice timely sent to Lopez.

27. Lopez failed to pay for the Watermelons.

28. Rio Vista is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Lopez's PACA Trust Assets.

For these reasons, Rio Vista seeks an Order declaring that it holds a valid PACA trust claim in an amount no less than $47,880.00 against Lopez, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT III:  ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

29. Rio Vista re-alleges ¶¶1 through 12 and 20 through 28.

30. Lopez has custody of, and possesses and controls PACA Trust Assets that belong to Rio Vista.

31. Lopez must hold PACA Trust Assets for Rio Vista's benefit.

32. Because Lopez failed to use the PACA Trust Assets to pay Rio Vista for the Watermelons, Rio Vista has suffered damages in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks an Order directing Lopez to immediately pay to Rio Vista, as a PACA trust beneficiary, PACA Trust Assets equal to an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT IV: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

33. Rio Vista re-alleges ¶¶1 through 12, 20 through 28, and 30 through 32.

34. Lopez received and accepted the Watermelons.

35. PACA requires Lopez, as a PACA trustee, to hold his PACA Trust Assets in trust for Rio Vista and other unpaid produced sellers and suppliers, if any, that possess valid PACA trust claims, until they have received full payment.

36. Lopez failed to maintain sufficient PACA Trust Assets to satisfy all valid PACA trust claims, including Rio Vista's claim.

37. Because Lopez failed to maintain and protect the PACA Trust Assets from dissipation, Rio Vista has suffered damages in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks an Order:

    (i) Creating a common fund from which all PACA trust beneficiaries may receive payment;

    (ii) Directing Lopez to maintain PACA Trust Assets in an amount no less than $47,880.00, plus the claims of all other unpaid produce

  sellers and suppliers that properly preserved their PACA trust claims;

(iii) Directing Lopez to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(iv) Enjoining Lopez from dissipating PACA Trust Assets.

## COUNT V:  ENFORCEMENT OF REPARATION ORDER
### 7 U.S.C. §499g

38. Rio Vista incorporates ¶¶1 through 12.

39. On February 12, 2021, the Secretary of the USDA entered a Decision and Order for Rio Vista, and against Lopez. Exhibit "1" is a copy of this decision.

40. On April 23, 2021, the USDA entered an Order denying Lopez's Petition for Reconsideration of the February 12, 2021, Order (the "Reparation Order"). Exhibit "2" is a copy of the Reparation Order:

41. Under the Reparation Order, Lopez had until May 23, 2021, to pay Rio Vista reparation for the following:

- $47,880.00, with interest thereon at the rate of 18 percent per annum from January 1, 2019, up to April 23, 2021,

- Interest at the rate of 0.07% per annum on the sum of $47,880.00 from April 23, 2021, until paid, plus the $500.00 filing fee, and

- $7,042.71 for fees and expenses incurred in connection with the oral hearing, with interest thereon at the rate 0.07% per annum from April 23, 2021, until paid.

(collectively, the "Reparation Award").

42. Lopez failed to pay the Reparation Award.

43. The USDA has suspended Lopez's PACA license.

44. Rio Vista may enforce the Reparation Order in this Court, because Lopez resides in this District.

45. Should Rio Vista prevail in this proceeding, it is allowed its reasonable attorney's fees, to be taxed and collected as part of the costs of this suit to enforce the Reparation Order and Reparation Award.

For these reasons, Rio Vista seeks a Judgment in its favor and against Lopez in an amount no less than the following:

(i) $47,880.00, with interest thereon at the rate of 18% per annum from January 1, 2019, up to April 23, 2021,

(ii) Interest at the rate of 0.07% per annum on the sum of $47,880.00 from April 23, 2021, until paid, plus the $500.00 filing fee,

(iii) $7,042.71 for fees and expenses incurred in connection with the oral hearing, with interest thereon at the rate 0.07% per annum from April 23, 2021, until paid, and

(iv) Cost and attorneys' fees incurred in this matter.

FOR THESE REASONS, Rio Vista requests:

A. On Count I, a Final Judgment in its favor and against Lopez, in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that Rio Vista possesses a valid PACA trust claim in an amount no less than $47,880.00 against Lopez, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C. On Count III, an Order directing Lopez to immediately pay PACA Trust Assets to Rio Vista equal to the sum of $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D. On Count IV, an Order creating a common fund from which all PACA trust beneficiaries may receive payment, directing Lopez to maintain PACA Trust Assets in an amount no less than $47,880.00, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Lopez to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Lopez from dissipating PACA Trust Assets;

E. On Counts II through IV, a Final Judgment in its favor and against Lopez, in an amount no less than $47,880.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Count V, a Judgment in its favor and against Lopez in an amount no less than the following:

    (i) $47,880.00, with interest thereon at the rate of 18 percent per annum from January 1, 2019, up to April 23, 2021,

    (ii) interest at the rate of 0.07% per annum on $47,880.00 from April 23, 2021, until paid, plus the $500.00 filing fee,

(iii) $7,042.71 for fees and expenses incurred in connection with the oral hearing, with interest thereon at the rate 0.07% per annum from April 23, 2021, until paid, and

(iv) Cost and attorneys' fees incurred in this matter.

Respectfully submitted on June 14, 2021.

| | |
|---|---|
| **MEUERS LAW FIRM, P.L.**<br>Steven M. De Falco<br>*(Pro Hac Vice Forthcoming)*<br>Fla. Bar No. 0733571<br>5395 Park Central Court<br>Naples, FL   34109<br>Telephone: (239) 513-9191<br>Facsimile:  (239) 513-9677<br>sdefalco@meuerslawfirm.com | **RAMES LAW FIRM, P.C.**<br><br>By:  s/Lindsey M. Rames<br>Lindsey M. Rames<br>Texas Bar No. 24072295<br>3710 Rawlins Street, #975<br>Dallas, TX  75219<br>Telephone: (214) 884-8860<br>Facsimile:  (888) 482-8894<br>lindsey@rameslawfirm.com<br><br>*Attorney for Plaintiff, Rio Vista Ventures, LLC* |